FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Jul 21, 2023

OFFICE OF THE CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION**

| | |
|---|---|
| **BRUCE HARRIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE NO.:**  2:23-cv-02098 |
| ) | |
| **GEORGIA-PACIFIC CONSUMER** ) | |
| **OPERATIONS LLC** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Georgia-Pacific Consumer Operations LLC ("Consumer Operations") hereby removes this action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 and respectfully states as follows.

1.      On January 26, 2023, Plaintiff Bruce Harris ("Harris") filed his Complaint in the Circuit Court of Sebastian County, Arkansas, under the caption *Bruce Harris v. Georgia-Pacific Consumer Operations LLC*, which was docketed as Case No. 66FCV-23-75 VI (State Court Action).

2.      Harris served Consumer Operations with the Complaint in the State Court Action on June 23, 2023.[1]

3.      Pursuant to 28 U.S.C. § 1446(a), Consumer Operations attaches as Exhibit 1 to this Notice of Removal, true and correct copies of all process, pleadings, and orders served upon it or filed in the State Court Action.

---

[1] Harris re-served Consumer Operations with the same Summons and Complaint on July 19, 2023.

**TIMELINESS**

4.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because (i) it is filed within 30 days after Georgia-Pacific Consumer Operations LLC received service of the initial pleading setting forth the claim for relief upon which Harris's civil action is based; and (ii) it is filed within one year after commencement of the State Court Action.

**DIVERSITY OF CITIZENSHIP JURISDICTION**

5.      Consumer Operations is entitled to remove the State Court Action pursuant to 28 U.S.C. § 1441 because the United States District Court for the Western District of Arkansas has original jurisdiction over this action by reason of diversity of citizenship under 28 U.S.C. § 1332.

6.      Harris is a citizen and resident of Sebastian County, Arkansas. *See* Exhibit 1, Compl. ¶ 6. For purposes of diversity jurisdiction, Consumer Operations is a citizen of Kansas, as are all of its members and owners. *See* Exhibit 3, Corporate Disclosure Statement. As such, there is complete diversity among the Parties. *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (explaining that, for purposes of establishing diversity, a limited liability company has "the citizenship of each of its members").

7.      While Consumer Operations denies Harris is entitled to any damages whatsoever, the allegations presented on the face of the Complaint demonstrate that the amount in controversy exceeds $75,000, exclusive of interest and costs. Harris seeks, among other remedies, "front pay, back pay, compensatory damages and punitive damages under ACRA and its related regulations" plus reasonable attorney's fees. *See* Compl., Prayer for Relief.

8.      To explain, Harris worked full time for Consumer Operations from his hire date on October 11, 2021, until his short-term disability leave began in February 2022. *See* Compl. ¶¶ 12-17; Exhibit 2, Rabe Decl. ¶ 3; Exh. A to Rabe Decl., Harris's Wage Statements. During this time,

Harris's base rate of pay was $20.78 per hour, and he was paid a shift differential and overtime on every paycheck.  *See* Harris's Wage Statements, Exh. A to Rabe Decl.  Harris worked an average of 37.7 hours a week and earned an average of $979.79 in wages a week. *See id.*

9.      After taking short-term disability leave in February, Harris has been on unpaid leave since on or around March 15, 2022. Compl. ¶¶ 12, 17–25.  So, as of the time of filing, he is seeking approximately 70 weeks of back pay.  Based on his average weekly pay of $979.79, this amounts to some $68,585.30 at the time of removal.  Harris also seeks additional back pay, which continues to accrue through judgment, as well as front pay accruing after the date of judgment. Accordingly, his claim for back pay through judgment alone satisfies the amount in controversy.

10.      Further, Harris seeks punitive and compensatory damages. Because Consumer Operations employs over 500 employees nationwide, it is therefore subject to the highest cap on compensatory and punitive damages ($300,000) allowed under the Arkansas Civil Rights Act.  *See* Compl. ¶ 10; Rabe Decl. ¶ 4; Ark. Code Ann. § 16–123–107(c)(2)(B). Finally, Harris also seeks reasonable attorney's fees, which are available under the Act and therefore properly included in the amount in controversy. Ark. Code Ann. § 16-123-105(b); *Crawford v. F. Hoffman–La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) ("Statutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction."). As a result, the amount in controversy here is well in excess of $75,000.[2]

---

[2] Consumer Operations is not required to prove the amount in controversy at the time of removal. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

11.     Because the Parties in interest are citizens of diverse States and the amount in controversy will reasonably exceed $75,000, exclusive of interest and costs, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

## VENUE AND OTHER STATUTORY REQUIREMENTS

12.     Venue is appropriate in the United States District Court for the Western District of Arkansas, Fort Smith Division, under to 28 U.S.C. § 1391(b), because a substantial part of the purported events giving rise to Harris's claims occurred within this District. Venue is also proper under § 1441(a) because the State Court Action is currently pending within the judicial district of the Fort Smith Division of the United States District Court for the Western District of Arkansas.

13.     Consumer Operations is the sole Defendant named and joined in this matter. *See* 28 U.S.C. § 1446(b)(2)(A).

14.     After filing this Notice of Removal, Consumer Operations will promptly file a copy with the Circuit Court of Sebastian County, Arkansas. Consumer Operations will also provide notice to Harris pursuant to 28 U.S.C. § 1446(d). Defense counsel will also serve a copy of this Notice of Removal on Plaintiff's counsel via e-mail and U.S. Mail.

**WHEREFORE**, Defendant Georgia-Pacific Consumer Operations LLC respectfully requests that the Court consider this Notice of Removal as provided by law, take such steps as are necessary to achieve the removal of this matter from the Circuit Court of Sebastian County, Arkansas, and make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings from the State Court Action, and for all other relief to which Defendant is entitled.

DATED:  July 21, 2023.                               Respectfully submitted,

                                        OGLETREE, DEAKINS, NASH,
                                        SMOAK & STEWART, P.C.

M. Kimberly Hodges
Arkansas Bar No. 2019018
International Place, Tower II
6410 Poplar Avenue, Suite 300
Memphis, Tennessee 38119
Telephone:  (901) 766-4306
Facsimile:  (901) 767-7411

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I, the undersigned counsel for Defendant, hereby certify that on this 21st day of July, I submitted the foregoing *Defendant's Notice of Removal* with the Clerk of Court via Electronic Mail, and that a copy of same was served on counsel for the Plaintiff, via Electronic and first-class U.S. Mail, postage prepaid, as follows:

Daniel Ford (Ark. Bar #2014162)
Josh Sanford (Ark. Bar #2001037)
SANFORD LAW FIRM, PLLC
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
501.221-0088 – Telephone
888.787.2040 – Facsimile
daniel@sanfordlawfirm.com
josh@sanfordlawfirm.com

*Attorneys for Plaintiff*

M. Kimberly Hodges (AR #2019018)
*Counsel for Defendant*