IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
DIVISION VI

FILED
FT. SMITH DIST.
Heather Cotton
2023 JAN 26 P 4: 35
CIR. CLERK SEB. CO.

BRUCE HARRIS                                                                PLAINTIFF

vs.                              No. 66FCV-23-75 VI

GEORGIA-PACIFIC CONSUMER                                         DEFENDANT
OPERATIONS LLC

## ORIGINAL COMPLAINT

Plaintiff Bruce Harris ("Plaintiff") by and through his attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint ("Complaint") against Defendant Georgia-Pacific Consumer Operations LLC ("Defendant"), states and alleges as follows:

### I.     PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq.* (the "ACRA").

2. Plaintiff seeks back pay, compensatory damages, punitive damages, costs and reasonable attorneys' fees as a result of discrimination by Defendant against him on the basis of a disability, pursuant to the ACRA.

### II.    JURISDICTION AND VENUE

3. The causes of action alleged in this suit and the facts supporting such causes of action arose in the state of Arkansas, and more specifically in Sebastian County.

4. Therefore, this Court has subject matter jurisdiction and personal jurisdiction over the issues and persons before it.

5. Venue is proper pursuant to Ark. Code Ann. § 16-60-101

### III. THE PARTIES

6. Bruce Harris is an individual and resident of Sebastian County.

7. Defendant Georgia-Pacific Consumer Operations LLC, is a foreign limited liability company.

8. Defendant's registered agent for service of process is United Agent Group Inc., 609 SW 8th Street #600, Bentonville, Arkansas 72712.

### IV. FACTUAL ALLEGATIONS

9. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Within the two years preceding the filing of this Complaint, Defendant has continuously employed at least four employees, and upon information and belief, has employed more than five hundred (500) employees in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

11. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the ACRA.

12. Plaintiff was employed by Defendant as an Outdoor, Class A Truck Driver, beginning in approximately October of 2021.

13. In January and February of 2022, during the course of performance of Plaintiff's work for Defendant, Plaintiff contracted first pneumonia, then Covid.

14. Plaintiff had previously been diagnosed in 2017 with and still suffers from Chronic Obstructive Pulmonary Disease ("COPD").

15. These conditions, both separately and together, caused Plaintiff to be unable to continue working in an outdoor truck, which endangered his pulmonary health.

16. Furthermore, on advice of his medical provider, Plaintiff needed to work away from certain humidity sprayers employed by Defendant, which could result in further health issues related to his COPD.

17. In February of 2022, Plaintiff requested and received three weeks of short term leave relating to his disability and sickness.

18. On or around March 10, 2022, Plaintiff explicitly requested, in an email to his Human Resources representative Nick McCaskill, a reasonable accommodation from Defendant in the form of employment that would place him inside and away from the aforementioned humidity sprayers.

19. Defendant, through McCaskill, requested that Plaintiff provide more detailed information and diagnoses from his medical provider.

20. On or around March 15, 2022, Plaintiff provided Defendant with his COPD diagnosis from 2017 and a statement from his medical provider regarding his need for accommodations.

21. This statement clearly outlined the manner in which Plaintiff's disability affected his work, and the necessity of reasonable accommodations in the form of inside work away from certain triggering environmental factors such as dust and humidity sprayers.

22. At this point, Plaintiff was given the option to go on unpaid leave or take a position in close proximity to the humidity sprayers that were a danger to his health.

Plaintiff chose unpaid leave and expressed his desire to be accommodated with another position.

23. Initially, Defendant offered Plaintiff a qualifying accommodation as a forklift driver, but then withdrew this offer on the grounds that Plaintiff was considered a temporary employee, and could not take this job under Defendant's collective bargaining agreement.

24. This was pretext: Defendant had worked enough hours at this point for Defendant to qualify as a full-time, non-temporary employee eligible for such a position.

25. To date, Plaintiff has remained on unpaid leave and has not been offered any additional accommodations by Defendant, despite such accommodating jobs existing.

26. Plaintiff filed a claim for discrimination with the Equal Employment Opportunity Commission and received his "Right to Sue" letter on October 28, 2022.

## V. CLAIM FOR RELIEF—VIOLATION OF THE ACRA

27. Plaintiff brings this action against Defendant under the ACRA, Ark. Code Ann. § 16-123-101, *et seq.*

28. Defendant intentionally discriminated against Plaintiff on the basis of his disability in violation of A.C.A. § 16-123-107.

29. As more fully described hereinabove, Defendant improperly failed to provide a reasonable accommodation for Plaintiff's disability, despite receiving notice and the opportunity to do so.

30. As a result of the violations of the ACRA by Defendant, Plaintiff seeks injunctive relief, front pay, back pay, attorney's fees and costs, compensatory damages

for any past or future out-of-pocket losses and any emotional harm, and punitive damages.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Bruce Harris respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Injunctive Relief in the form of reinstatement of Plaintiff to a position of reasonable accommodation;

B. Judgment for front pay, back pay; compensatory damages and punitive damages under ACRA and its related regulations;

C. An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

D. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF BRUCE HARRIS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

JUN 2 3 2023



**Computershare Governance Services, Inc.**
100 Beard Sawmill Road, Shelton, CT 06484

07/20/2023

Georgia-Pacific Consumer Operations LLC
Emily O. Valladares - Law Department
Koch Companies Public Sector, LLC
133 Peachtree Street, NE
Atlanta GA 30303

# SERVICE OF PROCESS NOTICE

Item: 2023-1063

The following is a courtesy summary of the enclosed document(s).   **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| | | |
|---|---|---|
| 1. | Entity Served: | Georgia-Pacific Consumer Operations LLC |
| 2. | Title of Action: | Bruce Harris vs. Georgia-Pacific Consumer Operations LLC |
| 3. | Document(s) Served: | Summons<br>Proof of Service<br>Original Complaint |
| 4. | Court/Agency: | Sebastian County Circuit Court, Arkansas |
| 5. | State Served: | Arkansas |
| 6. | Case Number: | 66FCV-23-75VI |
| 7. | Case Type: | Violation of the ACRA |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Wednesday 07/19/2023 |
| 10. | Date to Client: | Thursday 07/20/2023 |
| 11. | # Days When Answer Due:<br>Answer Due Date: | 30<br>Friday 08/18/2023     <u>CAUTION:</u> Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender:<br>(Name, City, State, and Phone Number) | Daniel Ford<br>Little Rock, AR<br>501-221-0088 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 041 |
| 16. | Notes: | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

Phone: 866 820 7754, Option 2 | www.cgsregisteredagent.com