IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| BRUCE HARRIS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GEORGIA-PACIFIC CONSUMER OPERATIONS LLC<br><br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Civil Action No.: 2:23-cv-02098-PKH<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT GEORGIA-PACIFIC CONSUMER OPERATIONS LLC'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

　　Defendant Georgia-Pacific Consumer Operations LLC ("Consumer Operations") moves to dismiss Plaintiff Bruce Harris's ("Harris") Complaint for untimely service of process under Federal Rule of Civil Procedure 12(b)(5). Harris waited 148 days to serve to Consumer Operations with the Summons and Complaint – 28 days longer than the 120 days allowed for service under Arkansas Rule of Civil Procedure 4(i) – and he did not seek an extension of this deadline before it expired. Accordingly, his Complaint must be dismissed.

**BACKGROUND**

　　On January 26, 2023, Harris filed this action in the Circuit Court of Sebastian County, alleging one count of disability discrimination under the Arkansas Civil Rights Act. (*See* ECF No. 2-3 at 9-14, File-Stamped Complaint.) The Complaint was first served on Consumer Operations' Arkansas registered agent for service on June 23, 2023.[1] (ECF No. 2-3 at 2, Service of Process Notice.) Then Consumer Operations was served again, with an identical Complaint and Summons,

---

[1] Attached as Exhibit 1 to Consumer Operations' Notice of Removal are the filings from the Circuit Court of Sebastian County. (ECF No. 2-3.)

1

almost a month later, on July 19th. (*Id.* at 16.) For purposes of this Motion, Consumer Operations considers the earlier date, June 23rd, as the date of service. Consumer Operations removed this action to this Court on July 21, 2023, pursuant to 28 U.S.C. §§ 1332 and 1441. (ECF No. 2, Notice of Removal.)

## ARGUMENT AND AUTHORITIES

### A. Rule 12(b)(5) Standard

Motions under Rule 12(b)(5) challenge the method of service, including failure to serve a summons within the time required by law. *See* 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1353. "In a Rule 12(b)(5) motion, the party making the service has the burden of demonstrating validity when an objection to the service is made." *J&J Sports Prods., Inc. v. Fernando*, No. 16-5243, 2017 WL 776703, at *1 (W.D. Ark. Feb. 28, 2017). Notably, when a summons and complaint are not timely served, a court may not constitutionally exercise jurisdiction over the defendant, and the complaint must be dismissed. *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885–86 (8th Cir. 1996).

### B. Arkansas Rule of Civil Procedure 4 applies here because the time for service expired prior to removal.

Rule 81 of the Federal Rules of Civil Procedure states that the Rules only "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c). In other words, "[i]n a case that has been removed from state court, the sufficiency of service of process prior to removal is determined by state law." *Barner v. Thompson/Center Arms Co.*, 796 F.3d 897, 900 (8th Cir. 2015) (internal citations omitted). Because Harris filed his case in state court and because his 120-day deadline for service expired some two months before the case was removed, the Arkansas Rules

on service control here.[2]  *See Dunn v. Partain*, No. 4:20-CV-01360-LPR, 2021 WL 53633, at *2 (E.D. Ark. Jan. 6, 2021) (dismissing removed action under Arkansas Rule 4(i) when the deadline for service expired before the case was removed).

> **C.    Harris did not timely serve Consumer Operations, and the time to seek an extension to do so has passed.**

According to Rule 4(i)(1) of the Arkansas Rules of Civil Procedure, "If service of process is not made on a defendant within 120 days after the filing of the complaint . . . the action shall be dismissed as to that defendant without prejudice on motion or on the court's initiative." Ark. R. Civ. P. 4(i)(1). Further, a court may extend the time for service only "on written motion and a showing of good cause . . . if the motion is made within 120 days of the filing of the suit." *Id.* According to the Arkansas Supreme Court, the "service requirements under this rule must be strictly construed and compliance with them must be exact." *Henyan v. Peek*, 359 Ark. 486, 492, 199 S.W.3d 51, 54 (2004) (holding that plaintiff must show good cause before timely motion for extension is granted); *accord McCoy v. Robertson*, 2018 Ark. App. 279, 12, 550 S.W.3d 33, 40 (2018) ("[Arkansas] service rules place an extremely heavy burden on the plaintiff to demonstrate that compliance with those rules has been had.") (quotation omitted). District Courts in Arkansas recognize this. "Rule 6(b) of the Arkansas Rules of Civil Procedure cements the strict application of these extension requirements.  Indeed, while courts may generally consider an extension of time even after the expiration of a deadline in other areas, courts 'may not extend the time for taking an action under Rule 4(i) except to the extent and under the conditions' stated in that specific Rule." *Dunn*, 2021 WL 53633, at *3 (alterations omitted) (quoting Ark. R. Civ. P. 6(b)).

---

[2] Notably, dismissal would still be required under the Federal Rules, which allow only 90 days for service of process. Fed. R. Civ. P. 4(m).

Harris filed this action on January 26, 2023. As such, he had until May 26, 2023, to serve Consumer Operations. But Harris waited another four (4) weeks, until June 23, 2023, to serve his Summons and Complaint. (ECF No. 2-3 at 2, Service of Process Notice.) Also, Harris did not seek an extension of the time to serve Consumer Operations *prior to* the expiration of the 120-day deadline, as required by the Arkansas Rule. Ark. R. Civ. P. 4(i) (a motion for extension must establish good cause and be "made *within* 120 days of the filing of the suit") (emphasis added). (*See also* ECF No. 2-3 at 30, State Court Docket as of July 21, 2023.) Because "service [was] not obtained within [120 days] and no timely motion to extend [was] made, dismissal of [Harris's] action is mandatory." *City of Tontitown v. First Sec. Bank*, 2017 Ark. App. 326, 4, 525 S.W.3d 18, 22 (2017) (*citing Trusclair v. McGowan Working Partners*, 2009 Ark. 203, 6, 306 S.W.3d 428, 431 (2009)).[3]

Dismissal is mandatory here because it is undisputed that Harris did not move and show "good cause" for an extension of time to serve Consumer Operations before the 120 days for service expired. Regardless, Harris could not meet this good cause standard anyway, even if he had timely sought an extension. First, the contact information for Consumer Operations' registered agent, United Agent Group, is publicly available on the Arkansas Secretary of State's website. Second, represented by the same counsel, Harris is currently litigating another matter against Consumer Operations in the Northern District of Georgia in a case captioned *Bruce Harris et al. v. Georgia-Pacific Consumer Operations LLC et al.*, No. 1:22-cv-2530-TWT (N.D. Ga.). Third, Harris's counsel previously sued a sister-company of Consumer Operations in this Court in

---

[3] Because Harris did not timely serve Consumer Operations within 120 days, Arkansas's savings statute does not apply. *McCoy v. Robertson*, 2018 Ark. App. 279, 15, 550 S.W.3d 33, 41 (2018) ("For purposes of the savings statute, a suit is commenced when the complaint is timely filed and service of the complaint and summons (effective or defective) is completed within the 120–day period required by Rule 4(i)"). *Accord Thomson v. Zufari*, 325 Ark. 208, 209, 924 S.W.2d 796, 797 (1996); *Forrest City Mach. Works, Inc. v. Lyons,* 315 Ark. 173, 177, 866 S.W.2d 372, 374 (1993).

*Kenneth Harris et al. v. Georgia-Pacific Wood Products LLC, et al.*, No. 6:19-cv-06001-RTD (W.D. Ark.). On these facts, Harris neither sought an extension within the 120-day period, nor could he have shown "good cause" for an extension.

### D. Harris's Complaint should be dismissed with prejudice because the limitations period for his claim has run.

Dismissal under Rule 4(i) is typically without prejudice. Ark. R. Civ. P. 4(i)(1). But "the dismissal without prejudice language in Rule 4(i) does not apply if the plaintiff's actions are otherwise barred by the running of the statute of limitations." *McCoy v. Robertson*, 2018 Ark. App. 279, 13, 550 S.W.3d 33, 40 (2018) (citing *McCoy v. Montgomery*, 370 Ark. 333, 259 S.W.3d 430 (2007)). The statute of limitations under the Arkansas Civil Rights Act "is either one year after the alleged employment discrimination occurred or within ninety days of receiving a 'Right to Sue' letter from the EEOC, whichever is later." *Burkhart v. Am. Railcar Indus., Inc.*, 603 F.3d 472, 476 (8th Cir. 2010) (citing Ark. Code Ann. § 16–123–107(c)(4)).

Here, both the one-year and the 90-day period for Harris to assert his claim have passed. First, the allegedly discriminatory act that is the basis for his discrimination claim—Consumer Operations' placing him on unpaid leave—occurred in March 2022. (ECF No. 2-3 at 11-12, Compl. ¶¶ 20-22.) Since Harris failed to timely serve Consumer Operations, he is now effectively precluded from refiling his action because this one-year statute of limitations, which began to run in March 2022, has now expired. *See Williams v. Stant USA Corp.*, 458 S.W.3d 755, 758 (2015) (where plaintiff's complaint raised only state-law discrimination claims, complaint was not served within 120 days, and applicable statutes of limitations had run on claims at time of dismissal, dismissal with prejudice was proper). Second, as the Complaint shows, Harris and his attorneys received his right-to-sue notice from the EEOC on October 28, 2022. (*Id.* at 12, Compl. ¶ 26.) But Harris then waited until January 26, 2023—the 90th day after receiving his right-to-sue notice—

to file suit. Without timely service, if he refiles his action now, he will file after the 90th day, which renders his action untimely. Under either of these statutory limitations periods, then, it would be futile for Harris to refile his action. "Rule 4(i) must be read in light of other procedural rules, such as the statute of limitations," so "the dismissal without prejudice language [in Rule 4(i)] does not apply if the plaintiff's action is otherwise barred by the running of a statute of limitations." *Bodiford v. Bess*, 330 Ark. 713, 715, 956 S.W.2d 861, 862 (1997) (holding that where service was not timely and no extension was sought within 120 days and statute of limitations had run on plaintiff's cause of action, trial court should have dismissed complaint with prejudice) (quotations omitted). As such, his action should be dismissed with prejudice.

## CONCLUSION

The Court should dismiss Harris's action and do so with prejudice. He did not serve Consumer Operations within the 120 days allowed under Arkansas Rule 4(i), which applies because this action was removed to this Court after this deadline had passed. Neither did Harris seek an extension of time for serving Consumer Operations within the 120-day period, nor could he have shown the requisite "good cause" to obtain such an extension. Dismissal with prejudice is also proper. Given Harris's untimely service on Consumer Operations, he is in effect precluded from refiling his action under either the one-year statute of limitations or within 90 days after receiving his right-to-sue notice, both of which have now expired.

DATED: July 28, 2023.  Respectfully submitted,

 /s/ M. Kimberly Hodges
Melissa Kimberly Hodges
Arkansas Bar No. 2019018
*Attorney for Defendant Georgia Pacific Consumer Operations LLC*
International Place – Tower II
6410 Poplar Avenue, Suite 300
Memphis, Tennessee 38119

6

Telephone: (901) 766-4306
Main Tele: (901) 767-6160
Kim.Hodges@ogletree.com

**ATTORNEYS FOR DEFENDANT**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 28th day of July, 2023, a true and correct copy of the above and foregoing was electronically filed with the Clerk of Court via the Court's CM/ECF system, which will cause notification of such filing to be made on the following counsel of record for Plaintiff:

Daniel Ford (Ark. Bar #2014162)
Josh Sanford (Ark. Bar #2001037)
SANFORD LAW FIRM, PLLC
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
501.221-0088 – Telephone
888.787.2040 – Facsimile
daniel@sanfordlawfirm.com
josh@sanfordlawfirm.com

*Attorneys for Plaintiff*

/s/ M. Kimberly Hodges
M. Kimberly Hodges (AR #2019018)
*Counsel for Defendant*