# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION**

| | |
|---|---|
| BRUCE HARRIS, )<br><br>Plaintiff, )<br><br>v. )<br><br>GEORGIA-PACIFIC CONSUMER )<br>OPERATIONS LLC )<br><br>Defendant. ) | Civil Action No.: 2:23-cv-02098-PKH |

<u>**DEFENDANT GEORGIA-PACIFIC CONSUMER OPERATIONS LLC'S
REPLY IN SUPPORT OF MOTION TO DISMISS**</u>

As explained in Defendant Georgia-Pacific Consumer Operations LLC's ("Defendant" or "Consumer Operations") motion to dismiss and accompanying memorandum of law, Plaintiff Bruce Harris ("Harris") waited 148 days to serve Consumer Operations with the Summons and Complaint—28 days longer than the 120 days allowed for service under Arkansas Rule of Civil Procedure 4(i). (ECF Nos. 5, 6.) In response, Harris admits that he did not timely serve Consumer Operations, but claims that Consumer Operations waived its argument that service was untimely when it removed this action to this Court, which Harris alleges constituted a general appearance. (ECF No. 8.) That is not the law.

Harris argues that "[r]emoving a case to a different venue is active participation in the case amounting to a general appearance. Accordingly, Defendant has waived its right to enforce any defects in service against it." (ECF No. 8 at 2.) Harris cites no support for this proposition. (*Id.*) In reality, however, there is over 100 years of Supreme Court precedent saying otherwise: "[I]t is well settled that a petition for removal, even if not containing such a reservation [of defenses], does not amount to a general appearance, but only a special appearance, and that after the removal

1

the party securing it has the same right to invoke the decision of the United States court on the validity of the prior service that he has to ask its judgment on the merits." *Gen. Inv. Co. v. Lake Shore & M.S. Ry. Co.*, 260 U.S. 261, 268–69 (1922). *See also Wabash W. Ry. v. Brow*, 164 U.S. 271, 279 (1896) ("We are of opinion that the filing of a petition for removal does not amount to a general appearance, but to a special appearance only."). The Supreme Court of Arkansas agrees, as does the Eight Circuit. [1] *Glenn v. Killough*, 72 S.W.2d 216, 220 (Ark. 1934) ("It is well settled that the filing of a petition to remove a cause from a state to a federal court does not amount to the entry of a general appearance"); *Barner v. Thompson/Center Arms Co.*, 796 F.3d 897, 900 (8th Cir. 2015) (affirming dismissal for insufficient service in case that was removed to federal court).

Further, the cases that Harris relies on are inapposite and do not hold that removal constitutes a general appearance or a waiver of Consumer Operations' Rule 12 defenses. In *Bane v. Arkansas Department of Human Services*, the defendant "appeared at the adjudication hearing, review hearings, and termination hearing without raising an objection [to service]." 509 S.W.3d 647, 652 (Ark. Ct. App. 2016). There, the service defense was first raised on appeal, and the court correctly held any objection to service was waived. *Id. Cummings v. Lord's Art Galleries, Inc.*, presents a peculiar set of facts where the defendant sought to appear by way of filing a motion for more definite statement. 302 S.W.2d 792, 795 (Ark. 1957). But his motion, which was mailed to the clerk's office, was not timely filed because the clerk's office was closed for an entire week during Christmas. *Id.* The court held that "but for what amounted to an unavoidable casualty or misfortune," the motion would have been timely filed on December 23. *Id.* Because the motion

---

[1] Harris also claims that "there was no reason for Defendant to remove this case if it did not intend to litigate in federal court." (ECF No. 8 at 2.) This is a red herring. Consumer Operations had an absolute right to remove this case pursuant to 28 U.S.C. §§ 1332 and 1441 and to then contest service in this Court.

was deemed timely, it constituted a general appearance and precluded a default judgment against defendant. *Id*. These facts are not relevant to the facts here.

Finally, Harris claims that he "began drafting a motion for belated relief to file in state court" that was mooted by Consumer Operations' removal. (ECF No. 8 at 1.) But Harris's failure to timely seek "belated relief" cannot be excused by Consumer Operations' removing this case. The law is clear that a motion to extend time for service under Arkansas Rule 4 must be filed before the 120 days for service has run—not after as Harris planned to do. Ark. R. Civ. P. 4(i)(1) (a court may extend the time for service only "on written motion and a showing of good cause . . . if the motion is made within 120 days of the filing of the suit."). *See also Henyan v. Peek*, 359 Ark. 486, 492, 199 S.W.3d 51, 54 (2004) (motion for extension must be made during 120 days allowed for service); *Dunn v. Partain*, No. 4:20-CV-01360-LPR, 2021 WL 53633, at *2 (E.D. Ark. Jan. 6, 2021) ("Rule 6(b) of the Arkansas Rules of Civil Procedure cements the strict application of these [service] extension requirements). "Indeed, while courts may generally consider an extension of time even after the expiration of a deadline in other areas, courts 'may not extend the time for taking an action under Rule 4(i) except to the extent and under the conditions' stated in that specific Rule." *Dunn, id.* In sum, Harris's not seeking belated relief is not excused by Consumer Operations' removal and should not impact this Court's ruling.

The Court should grant Consumer Operations' motion to dismiss Harris's action with prejudice. Harris admits that he did not timely serve Consumer Operations within the 120 days allowed under Arkansas Rule 4(i), and Consumer Operations did not waive its right to assert this defense by simply removing this case to this Court.

DATED:  August 14, 2023.                    Respectfully submitted,

                                             /s/ M. Kimberly Hodges
                                             Melissa Kimberly Hodges

Arkansas Bar No. 2019018
*Attorney for Defendant Georgia Pacific*
*Consumer Operations LLC*
International Place – Tower II
6410 Poplar Avenue, Suite 300
Memphis, Tennessee 38119
Telephone: (901) 766-4306
Main Tele:  (901) 767-6160
Kim.Hodges@ogletree.com

**ATTORNEYS FOR DEFENDANT**

4